**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COREY HOLLEMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-cv-00634-CB |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Defendant's Motion for Summary Judgment (Doc. 15) will be granted, and the ALJ's

decision affirmed.

Plaintiff must establish that she was disabled as of September 30, 2023.  Doc. 4-2,

R. at 17.  The ALJ found that Plaintiff suffered numerous "severe" impairments,[1] which alone

and in combination did not preclude work at the "light" exertional level, subject to additional

limitations.  R. at 22.  A vocational expert testified that an individual with such limitations could

perform jobs existing in significant numbers in the national economy.  R. at 28-29.  The ALJ,

therefore, found Plaintiff was not disabled, at step five of the sequential analysis.  *Id.*

---

[1] They are:  autism; attention deficit hyperactivity disorder (ADHD); chronic depression; chronic posttraumatic stress disorder (PTSD); Sjogren's syndrome; chronic pain syndrome; degenerative disc disease; irritable bowel syndrome (IBS); fibromyalgia; and seronegative spondyloarthropathy.  R. at 19.

Having carefully reviewed the entire record, the undersigned concludes that the ALJ's decision was neither erroneous nor lacking the support of substantial evidence.  The Court's discussions, therefore, will be limited to the objections addressed in Plaintiff's briefing.

Counsel faults the ALJ for not crediting consultative examiner Melissa Walls's indication that Plaintiff had an abnormal gait, and required an assistive device to ambulate.  Doc. 9 at 12-14.  But the ALJ noted, correctly, that Plaintiff was observed having a normal gait, without the need for an assistive device.  These reports were made contemporaneously with Walls's contrary findings.  *Compare* R. at 2238, 2242-46 (Walls's report, dated Mar. 14, 2023, observing Plaintiff's abnormal gait, and indicating that she could walk only "25 ft." "without the use of a cane") *with* R. at 2828-2832 (treatment notes of Mar. 28, 2023, reporting "gait posture [being] normal" and "steady[,] with normal steps, base, arm swinging, and turning") *and* R. at 2839-44 (reporting, on Mar. 14, 2023, "normal" gait, "[g]ross sensation intact[, and n]o focal neuro deficits") (all parentheticals cleaned up).  The ALJ was permitted to discredit limitations contradicted by contemporaneous evidence.

As for Plaintiff's mental limitations, the ALJ credited them, and accounted for their impact on her residual functional capacity, to the extent they were supported.  Based on a review of the entire record, the ALJ found that Plaintiff had no limitation in understanding, remembering or applying information; moderate limitation in interacting with others; moderate limitations in concentration, persistence and pace; and mild limitations in adapting and managing her affairs.  R. at 21-22.

While Plaintiff's ability to "engage[] in a reasonably full level of activity," having cared for "[two] young children" with special needs and pursuing an advanced degree (Ph.D.),[2] is not dispositive—these capacities are inconsistent with Plaintiff's and her treating provider's assertions of "extreme" limitations in mental functioning, across the board.  *See* R. at 5916-18. They likewise undermine the credibility of Plaintiff's self-reports of subjective limitation.

The ALJ explained why the treating sources' assertions regarding RFC, most of which boiled down to blanket assertions of disability, were not creditable.  The decision explained why other, more expansive assessments were credited, and each finding enjoyed the support of substantial evidence.

Consistent with the above, the Court hereby enters the following:

## II.  ORDER

Defendant's Motion for Summary Judgment (**Doc. 15**) is **GRANTED**, and the Commissioner's finding of non-disability is **AFFIRMED**.

IT IS SO ORDERED.

June 30, 2026                                    s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2]  R. at 21-22 (citing record evidence).